UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **ROSE MARY VOIGT,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO. V-07-101** |
| v. | § | |
| | § | |
| **COUNTY OF VICTORIA, and** | § | |
| **T. MICHAEL O'CONNOR,** | § | |
| | § | |
| **Defendants.** | § | |

## ORDER

Pending before the Court are Defendants' Motion to Dismiss (Dkt. #6) and Defendants' Motion For Ruling (Dkt. #9). Having considered the motions, the record and the relevant law, the Court is of the opinion that Defendants' Motion to Dismiss (Dkt. #6) should be GRANTED IN PART AND DENIED IN PART and Defendants' Motion For Ruling (Dkt. #9) should be GRANTED.

### Background

On November 9, 2007, Pro Se Plaintiff Rose Mary Voigt ("Voigt") filed her original complaint. In her complaint, Voigt, a law enforcement officer, alleges causes of action for sex discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") and constitutional violations under 42 U.S.C. § 1983.

On December 13, 2007, Defendants County of Victoria ("Victoria County") and T. Michael O'Connor ("Sheriff O'Connor") filed the present motion to dismiss. Voigt did not file a response within the 20 day time period provided for by the Local Rules.

On February 19, 2008, the Court conducted a Rule 16 Conference. Voigt and counsel for

Defendants were present. The Court instructed Voigt that she would be given 30 days to respond to Defendants' motion to dismiss. To date, the 30 day time period for Voigt's response has elapsed and she has not filed a response.

## Standard

Rule 12(b)(6) provides that a party may move to dismiss an action for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). When considering a Rule 12(b)(6) motion, a court must accept the plaintiff's allegations as true and draw all reasonable inferences in its favor. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164 (1993); *United States v. Gaubert*, 499 U.S. 315, 327 (1991). A motion under rule 12(b)(6) should be granted only if it appears beyond doubt that the plaintiff could prove no set of facts in support of its claims that would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed 80; *Thompson v. Goetzmann*, 337 F.3d 489, 495 (5th Cir. 2003).

"A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *see also Conley*, 355 U.S. at 45-46; *Bonner v. Henderson*, 147 F.3d 457, 459 (5th Cir. 1998) (quoting *Rubinstein v. Collins*, 20 F.3d 160, 166 (5th Cir. 1994) (citation omitted)). Dismissal can be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *See Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 737-38 (S.D. Tex. 1998).

Consideration of a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) requires a court to limit its inquiry to the contents of the pleadings, including documents attached thereto or incorporated in the complaint. *See Collins v. Morgan Stanley Dean Witter*, 224

F.3d 496, 498 (5th Cir. 2000); *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996). When matters outside the pleadings are considered by a district court on a motion to dismiss, Rule 12(b) requires the court to treat the motion as one for summary judgment and to dispose of it as required by Rule 56. Fed. R. Civ. P. 12(b); *Carter v. Stanton*, 405 U.S. 669, 671, 92 S.Ct. 1232, 31 L.Ed.2d 569 (1972). Although a district court may not consider materials "outside the complaint," there is one limited exception. *Scanlan v. Texas A & M University*, 343 F.3d 533, 536 (5th Cir. 2003). A court may consider documents attached to a motion to dismiss provided that the documents "are referred to in the plaintiff's complaint and are central to the [plaintiff's] claims." *Collins*, 224 F.3d at 498-99 (quoting *Venture Associates Corp. v. Zenith Data System Corp.*, 987 F.3d 429, 431 (7th Cir. 1993)). However, a court does not transform a motion to dismiss into one for summary judgment by considering documents attached to a defendant's motion to dismiss that are central to the plaintiff's claim but were left out of the complaint. *Columbia Hospital at Medical City Dallas Subsidiary, L.P. v. Legend Asset Management Corp.*, No. Civ. A. 3:03-CV-3040G, 2004 WL 769253, *2 (N.D. Tex. Apr. 9, 2004). Documents found outside of the complaint that are central to a plaintiff's claims must be undisputed to merit consideration by the court. *See Brock v. Baskin-Robbins USA Co.*, 113 F.Supp.2d 1078, 1092 (E.D. Tex. 2000). "'Undisputed' in this context means that the authenticity of the document is not challenged." *Columbia Hospital*, 2004 WL 769253 at *3 (quoting *Horsely v. Feldt*, 304 F.3d 1125, 1134 (11 th Cir. 2002)).

## Discussion

Victoria County and Sheriff O'Connor presently move to dismiss on various grounds. Because Voigt has not filed a response to Defendants' motion to dismiss, her failure to respond is taken as a representation of no opposition. L.R. 7.4. Because Defendants' motion is dispositive,

however, the Court must address its merits. *Ramsey v. Signal Delivery Service, Inc.*, 631 F.2d 1210, 1213-14 (5th Cir. 1980); *see John v. La.*, 757 F.2d 698, 709 (5th Cir. 1986); *Woodham v. American Cystoscope Co. of Pelham, N.Y.*, 335 F.2d 551 (5th Cir. 1964).

**I.      Statute of Limitations**

Defendants first assert that all of Voigt's claims are governed by the general two year statute of limitations and should be dismissed. Defendants maintain that under the incorporation by reference doctrine the Court should consider a letter written by Voigt documenting her resignation. The letter indicates that Voigt's last physical day at work was October 27, 2005. Because Voigt filed her suit on November 9, 2007, which is more than two years after October 27, 2005, Defendants argue that dismissal is warranted.

After examining Voigt's complaint and the letter attached to Defendants' motion to dismiss, the Court finds that the incorporation by reference doctrine is presently applicable. Voigt's complaint specifically indicates that she "was forced to resign effective November 12, 2005." This comment is a reference to her letter dated October 27, 2005. Also, Voigt's letter is clearly central to Voigt's claims because it documents her resignation and is relevant to the statute of limitations. The letter is of undisputed authenticity because Voigt has not challenged the authenticity of the document.

In light of the letter submitted by Defendants, the Court finds that all of Voigt's 42 U.S.C. § 1983 claims should be dismissed. In Texas, the statute of limitations for section 1983 actions is two years. *Burrell v. Newsome*, 883 F.2d 416, 419 (5th Cir. 1989); *Pete v. Metcalfe*, 8 F.3d 214, 217 (5th Cir. 1993). The letter submitted by Defendants and signed by Voigt indicates that Voigt's last physical day at work was October 27, 2005. Voigt has not alleged that any actionable discrimination

occurred after this date. Because Voigt did not file her case within two years of October 27, 2005, all of her section 1983 claims are hereby DISMISSED.

The Court further finds that Voigt's Title VII claims cannot be dismissed at this stage under a two year statute of limitations theory. Title VII claims are subject to various time limitations for the exhaustion of administrative remedies but are not subject to the general two year statute of limitations. *Webb v. Cardiothoracic Surgery Associates of North Texas, P.A.*, 139 F.3d 532, 537 (5th Cir. 1998); s*ee Ward v. City of Dallas*, Civil Action No. 3:06-CV-0145-D, 2006 WL 3511247, *2 (N.D. Tex. Dec. 6, 2006).

## II.     Exhaustion of Administrative Remedies

Defendants argue that Voigt's Title VII cause of action must fail because no charge of discrimination was filed with the EEOC or an appropriate state agency.

The Court finds that Defendants' immediate argument does not justify dismissal. Furthermore, Voigt's complaint alleges that she exhausted all administrative remedies. At the present stage of the proceedings, the Court must accept the Voigt's allegations as true and draw all reasonable inferences in her favor.

## III.    Title VII Individual Capacity Claims Against Sheriff O'Connor

Defendants maintain that Sheriff O'Connor, in his individual capacity, is not liable under Title VII. Defendants cite *Harvey v. Blake*, 913 F.2d 226, 227 (5th Cir. 1990), for the proposition that agents of a governmental entity may only be sued in their official capacities under Title VII.

The Court agrees with Defendants and finds that Sheriff O'Connor is not liable under Title VII in his individual capacity. Because Sheriff O'Connor's liability under Title VII is premised upon his role as an agent of Victoria County, any recovery to be had must be against him in his

official capacity only.  *Harvey*, 913 F.2d at 227-28 (citing *Clanton v. New Orleans Parish School Board*, 649 F.2d 1084 (5th Cir. 1981)).  Accordingly, Voigt's Title VII claims against Sheriff O'Connor in his individual capacity are hereby DISMISSED.

## Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss (Dkt. #6) is GRANTED IN PART AND DENIED IN PART and  Defendants' Motion For Ruling (Dkt. #9) is GRANTED.

So ORDERED this 13th day of June, 2008.

```
_____
       JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE
```