## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## VICTORIA DIVISION

| | | |
|---|---|---|
| **ROSE MARY VOIGT,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION V-07-101** |
| | § | |
| **COUNTY OF VICTORIA and** | § | |
| **T. MICHAEL O'CONNOR,** | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant County of Victoria's ("the County") Motion for Summary Judgment. Dkt. No. 11.[1] Plaintiff has not responded in the twenty days allotted under the Local Rules.  *See* S.D. TEX. R. 7.3.  Having considered the motion, record, and relevant law, the Court finds that the County's motion should be GRANTED.

## Background

Plaintiff Rose Mary Voigt ("Voigt") filed suit on November 9, 2007 against the County and T. Michael O'Connor ("O'Connor"), the county sheriff, alleging race and sex discrimination in violation of Title VII of the Civil Rights Act of 1964 and the Equal Protection Clause of the Fourteenth Amendment.  Dkt. No. 1 at 4-5.  Voigt alleged that she had been fired by the defendants because of her race and her sex.

On June 13, 2008, the Court granted in part the defendants' motion to dismiss.  The Court

---

[1] The motion is styled as one by the County alone.  While the Court's Order of June 13, 2008 did not entirely dismiss the suit as to defendant T. Michael O'Connor, the only claim left against O'Connor is a Title VII claim against him in his official capacity.  However, "[a]n official capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 171 (1985).  Thus, the instant motion for summary judgment encompasses both the claim against the County and the claim against O'Connor in his official capacity.

1

dismissed all of Voigt's Section 1983 claims on statute of limitations grounds.  Dkt. No. 10 at 4.
The Court further dismissed Voigt's Title VII claims against O'Connor insofar as they were brought
against him in his individual capacity.  Thus, after the Court's order, Voigt's remaining claims were
a Title VII claim against the County and a Title VII claim against O'Connor in his official capacity.
*See* Dkt. No. 1 at 2.

## Summary Judgment Standard

A summary judgment shall be issued if the pleadings and evidence "show that there is no
genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."
FED. R. CIV. P. 56(c).  In considering a motion for summary judgment, the Court construes factual
controversies in the light most favorable to the non-movant, but only if both parties have introduced
evidence showing that an actual controversy exists.  *Lynch Props., Inc. v. Potomac Ins. Co. of Ill.*,
140 F.3d 622, 625 (5th Cir.1998).  If the burden of proof at trial lies with the non-movant, the
movant may satisfy its initial burden by "pointing out to the district court . . . that there is an absence
of evidence to support the nonmoving party's case."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325
(1986).  The burden is on the movant to convince the court that no genuine issue of material fact
exists as to the claims asserted by the non-movant, but the movant is not required to negate elements
of the non-movant's case.  *Id.* at 323.

The non-moving party may not rest solely on its pleadings.  *King v. Chide*, 974 F.2d 653, 656
(5th Cir.1992).  For issues on which the non-movant will bear the burden of proof at trial, that party
must produce summary judgment evidence and designate specific facts which indicate that there is
a genuine issue for trial.  *Celotex*, 477 U.S. at 322.  The non-movant "must do more than simply
show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co.*

*v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  To meet its burden, the non-moving party must present "significant probative evidence" indicating that there is a triable issue of fact.  *Ferguson v. National Broadcasting Co.*, 584 F.2d 111, 114 (5th Cir. 1978) (internal quotations omitted).

### Analysis

The County argues that Voigt has not shown that she exhausted her administrative remedies. "[B]efore a plaintiff can commence a civil action under Title VII in federal court, she must file a timely charge with the EEOC, or with a state or local agency with authority to grant or seek relief from the alleged unlawful employment practice." *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996).  The County has filed an affidavit stating that the defendants requested discovery from Voigt that would indicate whether she had filed a charge with the EEOC or with a state or local agency.  Dkt. No. 11, Aff. of W. Clayton Cain, at 1.  Voigt has not responded to these requests.  *Id.* Because Voigt has not filed a response to the present motion for summary judgment, it is taken as unopposed.  S.D. TEX. R. 7.4.  Thus, the County has met its burden of pointing out a deficiency in the record after ample time for discovery, and Voigt has failed to meet her burden of producing summary judgment evidence that indicates a genuine issue for trial.

### Conclusion

Based on the foregoing, the County's Motion for Summary Judgment is GRANTED.

It is so ORDERED.

Signed this 16th day of December, 2008.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE